**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Vicky Stokes, Rodney Barnett, and Michael Barnett, as the Personal Representatives of the Estate of John M. Barnett,<br><br>                *Plaintiffs*,<br><br>Versus<br><br>The Boeing Company,<br><br>                *Defendant*. | Case No. 2:25-cv-02110-BHH<br><br>**PETITION FOR SETTLEMENT APPROVAL** |

The Petition of Vicky Stokes, Rodney Barnett, and Michael Barnett, as the Personal Representatives of the Estate of John M. Barnett, respectfully shows:

1. John M. Barnett passed away on March 9, 2024. At the time of his death, he was not married and had no issue. Consequently, the statutory beneficiary of the Estate of John M. Barnett (the "Estate") is his only surviving parent, his mother, Plaintiff Vicky Stokes. S.C. Code 15-51-20.

2. Plaintiffs, Vicky Stokes, Rodney Barnett, and Michael Barnett are residents of the State of Louisiana.

3. The Estate is being administered in Rapides Parish in the State of Louisiana. Plaintiffs, Vicky Stokes, Rodney Barnett, and Michael Barnett were duly appointed as Independent Co-Administrators of the Succession of the late John Barnett by the Probate Court of Rapides Parish, State of Louisiana on March 28, 2024. A copy of the Order of Appointment and Letters of

Administration is attached as <u>Exhibit A</u>. Plaintiffs filed this action as "the Personal Representatives of the Estate of John M. Barnett."[1]

4. This case involves claims related to the employment of John M. Barnett with Defendant The Boeing Company prior to March 1, 2017, and the death of John M. Barnett on March 9, 2024.

5. Plaintiffs filed claims in this action for wrongful death and abuse of process on March 19, 2025. Compl., Mar. 19, 2025, ECF No. 1.

6. Defendant denied and continues to deny that any act or omission on its part occurred and caused or contributed to the injury and death of Mr. Barnett or any other damages alleged in this action.

7. Plaintiffs are informed and believe that the agreed-upon settlement is in the best interests of the Estate and the statutory beneficiaries in order to avoid the expense, risk and delay of further litigation.

8. The circumstances leading up to and surrounding this action have been thoroughly investigated by investigators and attorneys representing Plaintiffs and similar personnel representing Defendant. Plaintiffs and Defendant have arrived at an agreed settlement for the claims against Defendant related to the allegations in this action.

9. The agreed settlement includes the release, ending, and termination of all claims and actions based on causes surviving to the Personal Representatives or any person relating to the allegations in this action that were or could have been asserted against Defendant.

---

[1] For purposes of this lawsuit and the present Petition, there is no meaningful distinction between these designations as administrators for the Estate of John M. Barnett. For clarity, Plaintiffs refer to themselves as "Plaintiffs" and refer to their role of administrator of this Estate, or the role of the administrator of an estate generally, as "Personal Representative(s)" herein.

10.     Defendant is self-insured with respect to the claims and allegations raised in this matter.

11.     To Plaintiffs' knowledge, no creditors have filed claims against the Estate.

12.     Though no such interest is currently known or anticipated, Plaintiffs agree to hold Defendant in these claims harmless from any and all claims which may have been made or may hereinafter be made by any private insurance company or by any branch of the United States or South Carolina or Louisiana Governments, by way of subrogation or otherwise, for medical, drug, hospital, or other services in connection with the incident.

13.     Though no such interest is currently known or anticipated, Plaintiffs agree to provide a written release or satisfaction, prior to disbursal of any of the settlement funds, and hold harmless Defendant in these claims from any and all government liens in connection with this incident, including but not limited to Medicare and/or Medicaid, and/or medical subrogated claims, and will be held harmless from any and all potential lien holders relating to this incident.  If no liens exist, written confirmation of that fact is to be or has been provided.

14.     Though no such interest is currently known or anticipated, Plaintiffs and their attorneys agree to assume responsibility for and to satisfy and discharge all liens, conditional payments, claims, bills and expenses related to the disputed claims from the settlement funds and to fully defend and hold Defendant harmless from any and all such liens, including interest, penalties and reasonable attorney's fees, that Defendant may incur or which may arise, or relate to any subsequent litigation or liability of Defendant to or on account of any actions, claims or demands by lien holders relating to this incident, including but not limited to Medicare or Medicaid conditional payments, liens and/or subrogation interests.  Plaintiffs agree to and will instruct their attorneys to satisfy all State and Federal obligations set forth and/or referenced in any way herein from the settlement proceeds, including but not limited to those associated with Medicare and

Medicaid and not to withdraw that instruction for any reason and further to authorize and/or permit her attorneys to take whatever steps are necessary to satisfy these obligations without interference and to assist counsel to the extent possible, and necessary, in their attempts to comply with this requirement. Plaintiffs' attorneys specifically agree to assume responsibility for and to discharge any liens, subrogated or assigned claims, and/or conditional payments, bills or expenses paid by any governmental entity, governmental agency, governmental provider, third party insurance carrier, or any other person or entity related to this incident including but not limited to Medicare Secondary Payer claims for reimbursement of conditional payments by Medicare. Plaintiffs agree to defend and hold harmless Defendant from any and all liability or causes of action arising out of same. Also, Plaintiffs agree to waive any actions or future claims against Defendant available under Medicare, Medicaid, and/or the SCHIP Extension Act of 2007 and their related amendments relating to the events associated with this action.

15. Plaintiffs and Defendant have reached a full, final, and confidential settlement of this case, which is subject to this Court's approval. All parties now come forth with a resolution by virtue of that confidential settlement of all causes of action asserted by Plaintiffs in this action. So as to preserve the agreed-upon confidentiality of the settlement reached between the parties and the confidentiality for settlement agreements provided within the context of related administrative law proceedings under 5 U.S.C. §§ 552(b)(4) and (b)(6), 29 C.F.R. § 18.85 and 29 C.F.R. § 70.26, Plaintiffs and Defendant respectfully request that any particular terms of the settlement not described herein be furnished to this Court during the hearing on this Petition in a manner sufficient to preserve the agreed-upon confidentiality of this settlement.

16. In return for the dismissal with prejudice of all claims raised by the Plaintiffs, the settlement agreement calls for the payment of fifty thousand dollars and no cents ($50,000.00) by Defendant. The entirety of this payment is to be allocated to the wrongful death claim.

17. From the settlement proceeds, the undersigned requests the approval of the Court to pay for legal services and costs rendered by their attorneys as provided to the Court. The breakdown of legal fees and costs is as follows:

| | |
|---|---|
| Total Settlement: | $50,000.00 |
| Distribution to Plaintiffs: | $30,000.00 |
| Attorneys Fee (40% contingency) | $20,000.00 |

The undersigned are of the opinion that the total attorneys' fee is fair and reasonable under the circumstances and reflect substantial and fruitful efforts put forth by their attorneys that such fees should be approved by the Court, and that the undersigned, as Personal Representatives, should be authorized to pay such fees and costs out of the settlement proceeds with the balance of the proceeds to be paid in accordance with the law.

18. This petition is made pursuant to the Wrongful Death Act, § 15-51-10 *et seq.* of the Code of Laws of South Carolina, as amended.

WHEREFORE, Plaintiffs pray that this Court approve the settlement and authorize Plaintiffs as Personal Representatives of the Estate of John M. Barnett to receive the settlement proceeds and in return therefore execute as Personal Representatives complete full and final release, ending and terminating the matter and barring all claims which may in any way be asserted on behalf John M. Barnett or his Estate against Defendant. Plaintiffs further pray that this Court authorize them to pay all liens prior to disbursal of any of the settlement funds (if any liens exist) as well as their attorney for fees and costs.

**VERIFIED SIGNATURES OF PLAINTIFFS ARE SET FORTH BELOW**

                                                          _/s/ Michael Barnett_
                                                         Michael Barnett, Personal Representative of the
                                                         Estate of John M. Barnett, deceased

STATE OF   LA   )
                                 )                                                      **VERIFICATION**
COUNTY OF  _east baton rouge parish_  )

      PERSONALLY appeared before me Michael Barnett, Personal Representative of the Estate of John M. Barnett who being duly sworn, deposes and says: That he is the Plaintiff in the foregoing Petition and that he has read the same and the matters as stated therein are true to the best of his knowledge, except for such matters and things as may be set forth therein on information and belief, and those he believes to be true.

SWORN to before me this  _15th_ 
day of  _September_ , 2025.

_/s/ Kasey Givens_
Notary Public for Louisiana
My Commission Expires:  _@ death_

KASEY GIVENS
Notary Public
State of Louisiana
East Baton Rouge Parish
Notary ID # 131917
My Commission is for Life

*Vicky Stokes*
_____
Vicky Stokes, Personal Representative of the Estate
of John M. Barnett, deceased


STATE OF __LA._____ )
                          )      **VERIFICATION**
COUNTY OF __Rapides_____ )


     PERSONALLY appeared before me Vicky Stokes, Personal Representative of the Estate of John M. Barnett who being duly sworn, deposes and says: That she is the Plaintiff in the foregoing Petition and that she has read the same and the matters as stated therein are true to the best of her knowledge, except for such matters and things as may be set forth therein on information and belief, and those she believes to be true.


SWORN to before me this __15__
day of __Sept_____, 2025.

__Jon Ben McCain 18374__
Notary Public for Louisiana
My Commission Expires: __AT DEATH__

_Rodney Barnett_
Rodney Barnett, Personal Representative of the
Estate of John M. Barnett, deceased

STATE OF __LA__ )
 ) *VERIFICATION*
COUNTY OF __RAPIDES__ )

PERSONALLY appeared before me Rodney Barnett, Personal Representative of the Estate of John M. Barnett who being duly sworn, deposes and says: That he is the Plaintiff in the foregoing Petition and that he has read the same and the matters as stated therein are true to the best of his knowledge, except for such matters and things as may be set forth therein on information and belief, and those he believes to be true.

SWORN to before me this __15__
day of __Sept__, 2025.

__Jem-Den McCary  18324__
Notary Public for Louisiana
My Commission Expires: __At Death__