IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Vicky Stokes, Rodney Barnett, and Michael Barnett, as the Personal Representatives of the Estate of John M. Barnett,<br><br>      Plaintiffs,<br><br>v.<br><br>The Boeing Company,<br><br>      Defendant. | Civil Action No. 2:25-cv-2110-BHH<br><br>**<u>ORDER</u>** |

On Friday, October 17, 2025, the Court held a hearing to consider the verified petition for settlement approval submitted by Plaintiffs Vicky Stokes, Rodney Barnett, and Michael Barnett, as the Personal Representatives of the Estate of John M. Barnett (hereinafter "Plaintiffs"). (ECF No. 25.) According to the petition, "[t]his case involves claims related to the employment of John M. Barnett with Defendants The Boeing Company prior to March 1, 2017, and the death of John M. Barnett on March 9, 2024." (*Id.* at 2.) More specifically, Plaintiffs filed this action in March of 2025 asserting claims for wrongful death and abuse of process, and Plaintiffs indicate in their petition for settlement approval that the parties' settlement "calls for the payment of fifty thousand dollars and no cents ($50,000.00) by Defendant," and that "[t]he entirety of this payment is to be allocated to the wrongful death claim." (*Id.* at 2, 4.) In the petition, Plaintiffs also seek the Court's approval to pay for legal services and costs in the amount of $20,000.00, leaving a $30,000.00 distribution to Plaintiffs. (*Id.* at 5.) Plaintiffs indicate that the settlement is "a full, final, and confidential settlement of this case." (*Id.* at 4.) Furthermore, the petition states:

> So as to preserve the agreed-upon confidentiality of the settlement reached between the parties and the confidentiality for settlement agreements provided within the context of related administrative law proceedings under 5 U.S.C. §§ 552(b)(4) and (b)(6), 29 C.F.R. § 18.85 and 29 C.F.R. § 70.26, Plaintiffs and Defendant respectfully request that any particular terms of the settlement not described herein be furnished to this Court during the hearing on this Petition in a manner sufficient to preserve the agreed-upon confidentiality of this settlement.

(*Id.*)

At the hearing on October 17, the Court indicated to counsel that the confidentiality provision in the parties' agreement is of no effect to the Court. *See Martin v. American Honda Motor Co.*, 940 F. Supp. 2d 277 (D.S.C. 2013) ("The confidentiality provision in Honda and the Plaintiff's settlement agreement is of no effect to this court.")  As Judge Herlong explained in *Martin*, "to approve the settlement, the court had to consider the financial terms of the settlements," and "[t]he court cannot determine the reasonableness of a settlement without consideration of the financial terms of the settlement." 940 F. Supp. 2d at 280.  *See also Hill v. Kenworth Truck Co.,* 2008 WL 4058426. *4 (S.D. W. Va. 2008) (denying a motion to maintain the confidentiality of the settlement amount and explaining that "[t]he terms of the settlement agreement will become part of the judicial record as a matter of necessity");*Seltzer v. Squires*, No. 2:19-cv-1712-RMG, 2023 WL 1097819 (D.S. Jan. 30, 2023).

Indeed, pursuant to South Carolina law, "[a]ny settlement of a wrongful death or survival action must be approved by either a probate court, circuit court, or United States District Court, as provided in Section 15-51-42." S.C. Code Ann. § 15-51-41.  Section 15-51-42 provides that "[t]he court shall schedule a hearing and receive into evidence those facts that the court considers necessary and proper to evaluate the settlement." S.C. Code

2

Ann. § 15-51-42.

At the hearing on October 17, the Court requested a copy of the parties' written settlement agreement, and the parties handed the Court an unsigned document titled "Confidential Settlement Agreement and Release." After review, however, this document appears to encompass the global settlement of *all* claims between the Barnett Estate and Boeing, to include the settlement of claims in this action and the settlement of claims in a separate but related administrative action, Case No. 2021-AIR-00007, *In the Matter of John M. Barnett v. The Boeing Company*, which was filed with the United States Department of Labor, Office of Administrative Law Judges. Furthermore, although the document presented to the Court defines the "Settlement Payment" as the gross total sum of $50,000.00, the document indicates that this amount does not include settlement funds to be paid in the related administrative action. Furthermore, the document obligates Boeing to issue the $50,000.00 Settlement Payment *only* upon the receipt of, *inter alia*, the issuance of the Administrative Law Judge's Order granting the Joint Motion for Approval of Settlement, Dismissal with Prejudice, and Confidential Treatment of Settlement Agreement in the related administrative action. In addition, as set forth above, the parties' petition for settlement approval itself references the settlement of the related administrative action. Thus, it appears to this Court that the settlement of Plaintiffs' wrongful death claim is inextricably intertwined with the settlement of the related administrative action, which was resolved for an undisclosed confidential sum on August 26, 2025, by way of an administrative court order. At this time, therefore, the Court finds that it is unable to properly evaluate the fairness and reasonableness of the parties' settlement because the Court lacks sufficient information. Accordingly, the Court declines to approve the

settlement at this time and denies without prejudice Plaintiffs' petition for settlement approval (ECF No. 25).

    **IT IS SO ORDERED.**

                                                /s/Bruce H. Hendricks
                                                United States District Judge

October 31, 2025
Charleston, South Carolina