UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Vicky Stokes, Rodney Barnett, and Michael Barnett, as the Personal Representatives of the Estate of John M. Barnett<br><br>*Plaintiffs,*<br><br>Versus<br><br>The Boeing Company,<br><br>*Defendant.* | Case No. 2:25-cv-02110-BHH<br><br>**AMENDED PETITION FOR SETTLEMENT APPROVAL** |

The Petition of Vicky Stokes, Rodney Barnett, and Michael Barnett, as the Personal Representatives of the Estate of John M. Barnett, respectfully shows:

1. John M. Barnett passed away on March 9, 2024. At the time of his death, he was not married, had no issue, and died intestate. The statutory beneficiary of the Estate of John M. Barnett (the "Estate") is his only surviving parent, his mother, Plaintiff Vicky Stokes. S.C. Code § 15-51-20.

2. Plaintiffs, Vicky Stokes, Rodney Barnett, and Michael Barnett are residents of the State of Louisiana.

3. The Estate is being administered in Rapides Parish in the State of Louisiana. Plaintiffs, Vicky Stokes, Rodney Barnett, and Michael Barnett were duly appointed as Independent Co-Administrators of the Succession of the late John Barnett by the Probate Court of Rapides Parish, State of Louisiana on March 28, 2024. A copy of the Order of Appointment and Letters of

Administration are attached as <u>Exhibit A</u>. Plaintiffs filed this action as "the Personal Representatives of the Estate of John M. Barnett."[1]

4.  This case involves claims related to the employment of John M. Barnett with Defendant The Boeing Company prior to March 1, 2017, and the death of John M. Barnett on March 9, 2024.

5.  Prior to his passing, John M. Barnett brought an administrative action against The Boeing Company under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42141 ("AIR21" and the "AIR21 Action", respectively). This AIR21 Action was originally filed on January 16, 2017, with the United States Department of Labor. Following John M. Barnett's passing, his Estate was substituted into the AIR21 Action as its Complainant, and the action continued to be litigated in the Administrative Law Court until earlier this year.

6.  The AIR21 Action and the present action are separate and distinct lawsuits, though they were pursued by the same Plaintiff using the same counsel. The AIR21 Action raised claims pursuant to the AIR21 Act; none of these claims are before this Court. The statutory beneficiary of the wrongful death claim raised in the present action and the beneficiary of Mr. Barnett's intestate estate is the same individual – Mr. Barnett's mother, Plaintiff Vicky Stokes.

7.  Defendant denied and continues to deny that it is liable to Mr. Barnett or his Estate for any of the claims raised in the AIR21 Action.

8.  The parties reached a settlement of the AIR21 Action earlier this year. This settlement was reviewed and approved by the Administrative Law Judge presiding over the AIR21 Action on August 26, 2025. A copy of the Administrative Law Judge's Order approving the

---

[1] For purposes of this lawsuit and the present Petition, there is no meaningful distinction between these designations as administrators for the Estate of John M. Barnett. For clarity, Plaintiffs refer to themselves as "Plaintiffs" and refer to their role of administrator of this Estate, or the role of the administrator of an estate generally, as "Personal Representative(s)" herein.

settlement of the AIR21 Action is attached as Exhibit B. The Order provides that certain portions of the settlement terms of the AIR21 Action must be protected from public disclosure and be kept confidential. Id. The Order further sealed those terms from disclosure.

9. Plaintiffs filed claims in the present action for wrongful death and abuse of process on March 19, 2025. Compl., Mar. 19, 2025, ECF No. 1.

10. Defendant denied and continues to deny that any act or omission on its part occurred and caused or contributed to the injury and death of Mr. Barnett or any other damages alleged in this action.

11. Plaintiffs are informed and believe that the agreed-upon settlement is in the best interests of the Estate and the statutory beneficiary in order to avoid the expense, risk and delay of further litigation.

12. The circumstances leading up to and surrounding this action have been thoroughly investigated by investigators and attorneys representing Plaintiffs and similar personnel representing Defendant. Plaintiffs and Defendant have arrived at an agreed settlement for the claims against Defendant related to the allegations in this action.

13. The agreed settlement includes the release, ending, and termination of all claims and actions based on causes surviving to the Personal Representatives or any person relating to the allegations in this action that were or could have been asserted against Defendant. A complete copy of the Amended Settlement Agreement for this matter is attached as Exhibit C.

14. Defendant is self-insured with respect to the claims and allegations raised in this matter.

15. To Plaintiffs' knowledge, no creditors have filed claims against the Estate.

16. Though no such interest is currently known or anticipated, Plaintiffs agree to hold Defendant in these claims harmless from any and all claims or liens which may have been made

or may hereinafter be made by any private insurance company or by any branch of the United States or South Carolina or Louisiana Governments, by way of subrogation or otherwise, for medical, drug, hospital, or other services in connection with the incident.

17. In return for the dismissal with prejudice of all claims raised by the Plaintiffs, the Amended Settlement Agreement calls for the payment of fifty thousand dollars and no cents ($50,000.00) by Defendant. The entirety of this payment is to be allocated to the wrongful death claim.

18. From the settlement proceeds, the undersigned requests the approval of the Court to pay for legal services and costs rendered by their attorneys as provided to the Court. The breakdown of legal fees and costs is as follows:

| | |
|---|---|
| Total Settlement: | $50,000.00 |
| Distribution to Plaintiffs: | $30,000.00 |
| Attorneys Fee (40% contingency) | $20,000.00 |

The undersigned are of the opinion that the total attorneys' fee is fair and reasonable under the circumstances and reflect substantial and fruitful efforts put forth by their attorneys that such fees should be approved by the Court, and that the undersigned, as Personal Representatives, should be authorized to pay such fees and costs out of the settlement proceeds with the balance of the proceeds to be paid in accordance with the law.

19. This petition is made pursuant to the Wrongful Death Act, § 15-51-10 *et seq.* of the Code of Laws of South Carolina, as amended.

WHEREFORE, Plaintiffs pray that this Court approve the settlement and authorize Plaintiffs as Personal Representatives of the Estate of John M. Barnett to receive the settlement proceeds and in return therefore execute as Personal Representatives complete full and final release, ending and terminating the matter and barring all claims which may in any way be asserted on behalf John M. Barnett or his Estate against Defendant. Plaintiffs further pray that this Court

authorize them to pay all liens prior to disbursal of any of the settlement funds (to the extent that any liens exist, which is not anticipated) as well as their attorney for fees and costs.

**VERIFIED SIGNATURES OF PLAINTIFFS ARE SET FORTH BELOW**

STATE OF __LA.__     )           *VERIFICATION*
                     )
PARISH OF __Rapides__ )

    PERSONALLY appeared before me Vicky Stokes, Rodney Barnett, and Michael Barnett, Personal Representative of the Estate of John M. Barnett who being duly sworn, deposes and says: That she is the Plaintiff in the foregoing Petition and that she has read the same and the matters as stated therein are true to the best of her knowledge, except for such matters and things as may be set forth therein on information and belief, and those she believes to be true.

                                  _/s/ Vicky Stokes_
                                  Vicky Stokes, Personal Representative of the Estate
                                  of John M. Barnett

SWORN to before me this __8__
day of __Dec__, 2025.

_/s/ Jerry Dean McCrary_ 18374
Notary Public for Louisiana
My Commission Expires: __At Death__

6

STATE OF __LA.__  )              *VERIFICATION*
                          )
PARISH OF __Rapides__ )

PERSONALLY appeared before me Rodney Barnett, Personal Representative of the Estate of John M. Barnett who being duly sworn, deposes and says: That he is the Plaintiff in the foregoing Petition and that he has read the same and the matters as stated therein are true to the best of his knowledge, except for such matters and things as may be set forth therein on information and belief, and those he believes to be true.

                                           __Rodney Barnett__
                                           Rodney Barnett, Personal Representative of the Estate of John M. Barnett

SWORN to before me this __8__
day of __Dec__, 2025.

__Jerry Don McCann 18374__
Notary Public for Louisiana
My Commission Expires: __AT DEATH__

STATE OF <u>Louisiana</u>           )           ***VERIFICATION***
                                   )
PARISH OF <u>East Baton Rouge</u>  )

PERSONALLY appeared before me Michael Barnett, Personal Representative of the Estate of John M. Barnett who being duly sworn, deposes and says: That he is the Plaintiff in the foregoing Petition and that he has read the same and the matters as stated therein are true to the best of his knowledge, except for such matters and things as may be set forth therein on information and belief, and those he believes to be true.

_____
Michael Barnett, Personal Representative of the Estate of John M. Barnett

SWORN to before me this <u>8th</u> day of <u>December</u>, 2025.

_____
Notary Public for Louisiana
My Commission Expires: <u>Death</u>

TATIA COCO-BROUSSARD
Notary Public
State of Louisiana
East Baton Rouge Parish
Notary ID # 62574
My Commission is for Life

8

**CERTIFICATE OF COUNSEL**

We, the undersigned attorneys for the above-named Personal Representatives, join in the foregoing Petition and evidence hereby our approval of the settlement set forth herein. It is our opinion that the settlement as outlined above is fair, reasonable and in the best interest of the statutory beneficiaries of the above-named decedent and of the Estate of the above-named decedent.

        LAW OFFICE OF ROBERT M. TURKEWITZ, LLC

        *s/Robert M. Turkewitz*
        S.C. Bar No. 011589, Federal I.D.No. 4902
        St. Andrews Law Center
        768 St. Andrews Boulevard Charleston, South Carolina 29407
        Ph. 843-628-7868
        (C) 843-696-4549
        Fax 843-277-1438
        Email: rob@rmtlegal.com
        www.rmtlegal.com

        KNOWLES LAW FIRM, PC
        *s/Brian M. Knowles.*
        S.C. Bar No.: 73108 Federal ID No.: 9694
        768 St. Andrews Blvd., Charleston, South Carolina 29407
        T: 843-810-7596
        F: 877-408-1078
        brian@knowlesinternational.com
        www.knowlesinternational.com

        BOIES SCHILLER FLEXNER LLP
        *s/Carl Goldfarb*
        David Boies
        Sigrid McCawley
        333 Main Street
        Armonk, NY 10504
        (t) +1 914.749.8201
        cgoldfarb@bsfllp.com
        www.bsfllp.com

Charleston, SC
December 8, 2025