IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

\- - -

| | | |
|---|---|---|
| VICKY STOKES, *as the personal representative of the Estate of John M. Barnett*, | : | 2: 25-cv-02110 |
| | : | April 1, 2026 |
| Plaintiffs, | : | (Pages 1 - 17) |
| versus | : | |
| THE BOEING COMPANY, | : | |
| Defendant. | | |

\- - -

TRANSCRIPT OF MOTION FOR APPROVAL OF SETTLEMENT
BEFORE THE HONORABLE BRUCE HOWE HENDRICKS
UNITED STATES DISTRICT COURT JUDGE

\- - -

**A P P E A R A N C E S:**

For the Plaintiffs:

ROBERT MARC TURKEWITZ
Robert Marc Turkewitz Law Office
2186 Wappoo Hall Road
Charleston, SC 29412

BRIAN MORRIS KNOWLES
Knowles Law Firm
768 St Andrews Boulevard
Charleston, SC 29407

CARL E. GOLDFARB
Boies Schiller and Flexner LLP
401 East Las Olas Boulevard
Suite 1200
Fort Lauderdale, FL 33301

For the Defendant:

MOLLY HOOD CRAIG
VIRGINIA ROGERS FLOYD
Hood Law Firm LLC
172 Meeting Street
Charleston, SC 29401

AMY M. POCKLINGTON
Ogletree, Deakins, Nash, Smoak & Stewart
P.C. Riverfront Plaza - West Tower901 East Byrd Street, Suite 1300
Richmond, VA 23219

Court Reporter: LISA D. SMITH, RPR, CRR
Official Court Reporter
P.O. Box 835
Charleston, SC 29401

Proceedings recorded by mechanical stenography, transcript produced by computer.

*(The following proceedings commenced at 1:30 p.m.)*

DEPUTY CLERK: I see we have a number of people online. How's the connection? Can you hear?

MS. STOKES: Yes, I can.

DEPUTY CLERK: And we have counsel, Mr. Goldfarb.

Mr. Goldfarb, are you present? Mr. Goldfarb, are you coming off mute now?

MR. GOLDFARB: Yes. I'm sorry. It should be off mute, yes. I'm probably not going to be speaking, your Honor.

DEPUTY CLERK: Okay. All right. Anyone else who will be speaking? All right. I think that's the room.

MS. POCKLINGTON: This is Amy Pocklington, for The Boeing Company. I probably will not be speaking, but I just wanted to announce my presence.

DEPUTY CLERK: Thank you.

THE COURT: Okay.

MR. HOOD: Bobby Hood, on behalf of Boeing.

MR. TURKEWITZ: Rob Turkewitz, on behalf of the plaintiffs.

MR. KNOWLES: Brian Knowles.

MS. FLOYD: Virginia Floyd, for Boeing as well.

THE COURT: All right. So we're here again. This is Stokes vs. The Boeing Company, 2: 25-cv-2110. And we're here again on the second motion for the Court's approval of the wrongful death settlement in this action, which is filed at

ECF No. 32.

As I'm sure you recall, I did have a hearing on October, the 17th, of 2025, on the parties' first motion for settlement approval, but I took the matter under advisement so I could review your actual settlement agreement, which you first handed up to me at that October 17th hearing. And after reviewing the matter, I entered an order on October 31st, 2025, declining the approved settlement and denying your motion without prejudice.

As I explained in my order that I could not properly evaluate the fairness and reasonableness of the settlement, that was because the parties' agreement indicated that the settlement was inextricably intertwined with the settlement of the AIR-21 action, which was resolved for an undisclosed, confidential sum on August, the 26th, of 2025, by way of an administrative court order. And as I noted in my order, the settlement agreement appeared to be a global settlement of all the claims between the Barnett Estate and Boeing to include the settlement of claims in this action and the settlement of claims in the AIR-21 action.

And after I issued my first order, you all filed a second motion for settlement approval with an amended settlement agreement and a general release. I scheduled a hearing for January 8th and told you all at that hearing that the amended settlement agreement appeared to have removed the

problematic language. However, when I asked plaintiffs whether Boeing had withheld payment of the settlement in the AIR-21 case until this case was resolved, they indicated that they had not yet been paid anything, and I stopped the hearing because it appeared to me that the parties' amendment of the settlement agreement was one in form only and not in substance. And that's still my concern today, although Boeing has now filed an affidavit of its senior counsel, Robert Brown, Esquire, who states that the two settlements are not contingent upon one another.

My concern is this is essentially like trying to un-bake a cake, which just isn't possible. Once you bake a cake, you can't separate the ingredients out from the flour and eggs and sugar again. And my concern is that the parties in this case and the related AIR-21 action baked one global settlement of all of their claims, such that it is unrealistic for me to now try to separate that settlement into different agreements -- ingredients, so to speak.

Under South Carolina law, court approval of a wrongful death settlement is required to ensure that the settlement is fair and reasonable and in the best interests of the beneficiaries. But how can I determine whether this $50,000 settlement is fair and reasonable when I don't have, and still don't have, the whole picture? Fifty-thousand dollars does not seem to be merely enough money for a case of

this magnitude, but I ultimately have no idea still whether the entire amount of the parties' global settlement adds up to a hundred thousand or a hundred million, although I realize it's probably somewhere in between. But the issue, of course, is that one portion of the parties' settlement is sealed and one is not. And I've told you all from the very beginning in this case that I would not approve any sealed settlements. And it feels like you all are trying to get around that by having me to approve a very low settlement amount in this case, when the sealed portion of the settlement was perhaps for a much higher amount. So that's where I stand on this right now. And my inclination is to disapprove the settlement, because I still don't have complete information to determine whether $50,000 is fair and reasonable. But I'll be happy to hear from all of you about this.

So, anyway, I'll be happy to hear from you.

MR. TURKEWITZ: Your Honor, Rob Turkewitz. Good morning. We do have a copy of the settlement agreement in anticipation of the Court ruling the way you are. We totally understand. And what we would ask is perhaps we could have the agreement be heard in chambers or be reviewed in chambers?

THE COURT: No. Has to be on the record.

MR. HOOD: Your Honor, payment in the other case has been made, so that one --

THE COURT: But I still can't consider this without

knowing that. And that is -- I've tried to get that over from day one.

MR. HOOD: I mean, where we stand today, the only thing before the Court is the wrongful death matter and the $50,000. The other case has been settled, payment has been made, and that money is concluded. So really all we're talking about now is just this wrongful death claim and this $50,000 settlement.

THE COURT: I don't look at it that way.

MR. HOOD: Okay.

MR. TURKEWITZ: Okay. Your Honor, if I could approach the Court?

THE COURT: Sure.

MR. TURKEWITZ: I'm handing the clerk a copy of --

THE COURT: Thank you. I'm not going to accept this confidential -- whatever this is. If you want me to consider something, it all needs to be on the record and filed.

MS. POCKLINGTON: Your Honor, this is Amy Pocklington. May I say a few words?

THE COURT: You may.

MS. POCKLINGTON: And this may or may not be convincing to your Honor, but the AIR-21 settlement, the administrative judge entered an order on that settlement. And the statute in the AIR-21 case allowed the order to be sealed, allowed part of the agreement to be sealed. So, if we were to

disclose that amount in open court, it would technically be a violation of that agreement and that order. So, we're kind of caught in a little bit of a predicament.

THE COURT: I understand. But I still have to know what it is, so --

MS. POCKLINGTON: Which is why we would recommend reviewing it in-camera.

THE COURT: No, I'm not going to do that. I'm going to deny the motion. I've already made it clear from the very beginning, day one.

MR. TURKEWITZ: Your Honor, we don't object to it being put on the record. And if the Court is ordering us to do so, then I would submit the agreement into evidence.

THE COURT: And I would have you read it as well.

MR. HOOD: And we would object to that, your Honor. There is an order that that's confidential and it's sealed. So we would object to it being read in open court.

THE COURT: Then I'm going to deny the motion.

MR. TURKEWITZ: Your Honor, could we have a short recess?

THE COURT: You can have a recess, and I'll -- you know, I can take up some other matters. And I'll be around all afternoon. But it's all got to be on the record.

MR. TURKEWITZ: Thank you, your Honor.

THE COURT: Uh-huh. We'll be back at 2:00 for the

criminal matters.

* * * * * *

DEPUTY CLERK: I see we have a number of people online. How's the connection? Can you hear?

MS. STOKES: Yes, I can.

DEPUTY CLERK: And we have counsel, Mr. Goldfarb.

Mr. Goldfarb, are you present? Mr. Goldfarb, are you coming off mute now?

MR. GOLDFARB: Yes. I'm sorry. It should be off mute, yes. I'm probably not going to be speaking, your Honor.

DEPUTY CLERK: Okay. All right. Anyone else who will be speaking? All right. I think that's the room.

MS. POCKLINGTON: This is Amy, for The Boeing Company. I probably will not be speaking, but I just wanted to announce my presence.

DEPUTY CLERK: Thank you.

THE COURT: Okay.

MR. HOOD: Bobby Hood, on behalf of Boeing.

MR. TURKEWITZ: Rob Turkewitz, on behalf of the plaintiffs.

MR. KNOWLES: Bryan Knowles.

MS. FLOYD: Virginia Floyd, for Boeing as well.

THE COURT: All right. So we're here again. This is Stokes vs. The Boeing Company 2: 25-cv-2110. And we're here again on the second motion for the Court's approval of the wrongful death settlement in this action, which is filed at ECF No. 32. As I'm sure you recall, I did have a hearing on

October, the 17th, of 2025, on the parties' first motion for settlement approval, but I took the matter under advisement so I could review your actual settlement agreement, which you first handed up to me at that October 17th hearing. And after reviewing the matter, I entered an order on October 31st, 2025, declining the approved settlement and denying your motion without prejudice.

As I explained in my order, that I could not properly evaluate the fairness and reasonableness of the settlement, that was because the parties' agreement indicated that the settlement was inextricably intertwined with the settlement of the AIR-21 action, which was resolved for an undisclosed, confidential sum on August, the 26th, of 2025, by way of an administrative court order. And as I noted in my order, the settlement agreement appeared to be a global settlement of all the claims between the Barnett Estate and Boeing to include the settlement of claims in this action and the settlement of claims in the AIR-21 action.

And after I issued my first order, you all filed a second motion for settlement approval with an amended settlement agreement and a general release. I scheduled a hearing for January 8th and told you all at that hearing that the amended settlement agreement appeared to have removed the problematic language. However, when I asked plaintiffs whether Boeing had withheld payment of the settlement in the

AIR-21 case until this case was resolved, and they indicated that they had not yet been paid anything, I stopped the hearing because it appeared to me that the parties' amendment of the settlement agreement was one in form only and not in substance. And that's still my concern today, although Boeing has now filed an affidavit of its senior counsel, Robert Brown, Esquire, who states that the two settlements are not contingent upon one another. My concern is this is essentially like trying to un-bake a cake, which just isn't impossible. Once you bake a cake, you can't separate the ingredients out from the flour and eggs and sugar again. And my concern is that the parties in this case and the related AIR-21 action baked one global settlement of all of their claims, such that it is unrealistic for me to now try to separate that settlement into different agreements -- ingredients, so to speak.

Under South Carolina law, court approval of a wrongful death settlement is required to ensure that the settlement is fair and reasonable and in the best interests of the beneficiaries. But how can I determine whether this $50,000 settlement is fair and reasonable when I don't have, and still don't have, the whole picture? Fifty-thousand dollars does not seem to be merely enough money for a case of this magnitude, but I ultimately have no idea still whether the entire amount of the parties' global settlement adds up to

a hundred thousand or a hundred million, although I realize it's probably somewhere in between. But the issue, of course, is that one portion of the parties' settlement is sealed and one is not. And I've told you all from the very beginning in this case that I would not approve any sealed settlements. And it feels like you all are trying to get around that by having me to approve a very low settlement amount in this case, when the sealed portion of the settlement was perhaps for a much higher amount.

So that's where I stand on this right now. And my inclination is to disapprove the settlement, because I still don't have complete information to determine whether $50,000 is fair and reasonable. But I'll be happy to hear from all of you about this.

So, anyway, I'll be happy to hear from you.

MR. TURKEWITZ: Your Honor, Rob Turkewitz, good morning. We do have a copy of the settlement agreement in anticipation of the Court ruling the way you are. We totally understand. And what we would ask is perhaps we could have the agreement be heard in chambers or be reviewed in chambers?

THE COURT: No. Has to be on the record.

MR. HOOD: Your Honor, payment in the other case has been made, so that one --

THE COURT: But I still can't consider this without knowing that. And that is -- I've tried to get that over from

day one.

MR. HOOD: I mean, where we stand today, the only thing before the Court is the wrongful death matter and the $50,000. The other case has been settled, payment has been made, and that money is concluded. So really all we're talking about now is just this wrongful death claim and this $50,000 settlement.

THE COURT: I don't look at it that way.

MR. HOOD: Okay.

MR. TURKEWITZ: Okay. Your Honor, if I could approach the Court?

THE COURT: Sure.

MR. TURKEWITZ: I'm handing the clerk a copy of --

THE COURT: Thank you. I'm not going to accept this confidential -- whatever this is. If you want me to consider something, it all needs to be on the record and filed.

MS. POCKLINGTON: Your Honor, this is Amy Pocklington. May I say a few words?

THE COURT: You may.

MS. POCKLINGTON: And this may or may not be convincing to your Honor, but the AIR-21 settlement, the administrative judge entered an order on that settlement. And the statute in the AIR-21 case allowed the order to be sealed, allowed part of the agreement to be sealed. So, if we were to disclose that amount in open court, it would technically be a

violation of that agreement and that order. So, we're kind of caught in a little bit of a predicament.

THE COURT: I understand. But I still have to know what it is, so --

MS. POCKLINGTON: Which is why we would recommend reviewing it in-camera.

THE COURT: No, I'm not going to do that. I'm going to deny the motion. I've already made it clear from the very beginning, day one.

MR. TURKEWITZ: Your Honor, we don't object to it being put on the record. And if the Court is ordering us to do so, then I would submit the agreement into evidence.

THE COURT: And I would have you read it as well.

MR. HOOD: And we would object to that, your Honor. There is an order that that's confidential and it's sealed. So we would object to it being read in open court.

THE COURT: Then I'm going to deny the motion.

MR. TURKEWITZ: Your Honor, could we have a short recess?

THE COURT: You can have a recess, and I'll -- you know, I can take up some other matters. And I'll be around all afternoon. But it's all got to be on the record.

MR. TURKEWITZ: Thank you, your Honor.

THE COURT: Uh-huh. We'll be back at 2:00 for the criminal matters.

* * * * * * *

I certify that the foregoing is a correct transcript from the record of proceedings in the above-entitled matter.

s/Lisa D. Smith, 6/5/2026

Lisa D. Smith, RPR, CRR Date