**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Vicky Stokes, Rodney Barnett, and Michael Barnett, as the Personal Representatives of the Estate of John M. Barnett<br><br>*Plaintiffs*,<br><br>Versus<br><br>The Boeing Company,<br><br>*Defendant*. | Case No. 2:25-cv-02110-BHH<br><br>**SECOND AMENDED PETITION FOR SETTLEMENT APPROVAL** |

This Second Amended Petition for Settlement Approval filed by Vicky Stokes, Rodney Barnett, and Michael Barnett, as the Personal Representatives of the Estate of John M. Barnett[1], respectfully shows:

**Background**

1. John Barnett passed away on March 9, 2024. At the time of his death, he was not married, had no issue, and died intestate. The statutory beneficiary of the Estate of John M. Barnett (the "Estate") is his only surviving parent, his mother, Plaintiff Vicky Stokes. S.C. Code § 15-51-20.

2. Plaintiffs, Vicky Stokes, Rodney Barnett, and Michael Barnett are residents of the State of Louisiana.

3. The Estate is being administered in Rapides Parish in the State of Louisiana. Plaintiffs, Vicky Stokes, Rodney Barnett, and Michael Barnett were duly appointed as Independent Co-Administrators of the Succession of the late John Barnett by the Probate Court of Rapides Parish, State of Louisiana on March 28, 2024. A copy of the Order of Appointment and Letters of

[1] John M. Barnett, in his individual capacity, is referred to herein as "Mr. Barnett."

Administration are attached as Exhibit A. Plaintiffs filed this action as "the Personal Representatives of the Estate of John M. Barnett."[2]

4. This case involves claims related to the employment of John M. Barnett with Defendant, The Boeing Company that ended on March 1, 2017, and the death of John M. Barnett on March 9, 2024.

5. Plaintiffs filed claims in the present action against Defendant for: (a) wrongful death; and (b) abuse of process on March 19, 2025. Compl., Mar. 19, 2025, ECF No. 1.

6. This petition for settlement approval is made pursuant to the Wrongful Death Act, § 15-51-10 *et seq*. of the Code of Laws of South Carolina, as amended

**The Parties' Settlement**

7. All parties to this case have agreed to settle, fully resolve, and dismiss all claims filed in the present action.

8. The agreed settlement includes the release, ending, and termination of all claims and actions based on causes surviving to the Personal Representatives or any person relating to the allegations in this action that were or could have been asserted against Defendant. A complete copy of the Amended Settlement Agreement for this matter is attached as Exhibit B.

9. In return for the dismissal with prejudice of all claims raised by the Plaintiffs, the Amended Settlement Agreement calls for the payment of fifty thousand dollars and no cents ($50,000.00) by Defendant.

10. Plaintiffs are informed, believe, and conclusively assert that the agreed-upon settlement is in the best interests of the Estate and the statutory beneficiary in order to avoid the

[2] For purposes of this lawsuit and the present Petition, there is no meaningful distinction between these designations as administrators for the Estate of John M. Barnett. For clarity, Plaintiffs refer to themselves as "Plaintiffs" and refer to their role of administrator of this Estate, or the role of the administrator of an estate generally, as "Personal Representative(s)" herein.

expense, risk and delay of further litigation. The circumstances leading up to and surrounding this action have been thoroughly investigated by investigators and attorneys representing Plaintiffs and similar personnel representing Defendant. Plaintiffs and Defendant have arrived at an agreed settlement for the claims against Defendant related to the allegations in this action.

11. From the settlement proceeds, the undersigned requests the approval of the Court to pay for legal services and costs rendered by their attorneys as provided to the Court. The breakdown of legal fees and costs is as follows:

| | |
|---|---|
| Distribution to Plaintiffs | $30,000.00 |
| Attorneys’ Fee (40% contingency) | $20,000.00 |
| Total Settlement: | $50,000.00 |

12. The undersigned are of the opinion that the total attorneys’ fee is fair and reasonable under the circumstances and reflect substantial and fruitful efforts put forth by their attorneys that such fees should be approved by the Court, and that the undersigned, as Personal Representatives, should be authorized to pay such fees and costs out of the settlement proceeds with the balance of the proceeds to be paid in accordance with the law.

13. Defendant is self-insured with respect to the claims and allegations raised in this matter.

14. To Plaintiffs’ knowledge, no creditors have filed claims against the Estate.

15. Though no such interest is currently known or anticipated, Plaintiffs agree to hold Defendant in these claims harmless from any and all claims or liens which may have been made or may hereinafter be made by any third party, including any private insurance company or any branch of the United States or South Carolina or Louisiana Governments, by way of subrogation or otherwise, for medical, drug, hospital, or other services in connection with the matters asserted in this lawsuit.

16. Defendant has agreed to the terms of the Amended Settlement Agreement and supports this petition for settlement approval.

17. Defendant denies and continues to deny that any act or omission on its part caused or contributed to the injury and death of Mr. Barnett or any other damages alleged in this lawsuit.

**AIR21 Action**

18. Prior to his passing, Mr. Barnett brought an administrative action against Defendant under the Wendell H. Ford Aviation Investment and Reform Act for the 21st Century, 49 U.S.C. § 42141 ("AIR21" and the "AIR21 Action", respectively). The AIR21 Action was originally filed with the Occupational Safety and Health Administration ("OSHA") on January 16, 2017. Following Mr. Barnett's passing, his Estate was substituted into the AIR21 Action as its Complainant, and the action continued to be litigated before the ALJ.

19. The AIR21 Action and the present action are separate and distinct lawsuits, though they were pursued by the same Plaintiff using the same counsel. The AIR21 Action raised claims pursuant to AIR21; specifically, alleged unlawful retaliation related to Mr. Barnett's employment with Defendant, which is ***not*** before this Court. The statutory beneficiary of the wrongful death claim raised in the present action and the beneficiary of Mr. Barnett's intestate estate is the same individual—Mr. Barnett's mother, Plaintiff Vicky Stokes.

20. The parties reached a settlement of the AIR21 Action in 2025. This settlement was reviewed and approved by the ALJ presiding over the AIR21 Action on August 26, 2025. A copy of the ALJ's Order approving the settlement of the AIR21 Action is attached as Exhibit C. At all parties' request, and because it was a material term of the parties' settlement of the AIR21 Action, the Order provides that certain portions of the settlement terms of the AIR21 Action must be protected from public disclosure and be kept confidential. *Id*. The Order further sealed those terms from disclosure at the request of all parties.

21. The settlement proceeds from the AIR21 Action have been fully paid and distributed to Plaintiffs.

22. This Court previously determined that additional information regarding the settlement of the AIR21 Action was necessary to evaluate the present settlement of this action in accordance with the S.C. Code § 15-51-42. Therefore, Defendant will tender to the Court for the record in this case the full, complete, and unredacted settlement agreement for the AIR 21 Action at the hearing on this Petition.

23. Defendant denies liability in this matter and continues to deny that it is liable to Mr. Barnett or his Estate for any of the claims raised in the AIR21 Action.

WHEREFORE, Plaintiffs pray that this Court approve the settlement and authorize Plaintiffs as Personal Representatives of the Estate of John M. Barnett to receive the settlement proceeds and in return therefore execute as Personal Representatives complete full and final release, ending and terminating the matter and barring all claims which may in any way be asserted on behalf Mr. Barnett or his Estate against Defendant. Plaintiffs further pray that this Court authorize them to pay all liens prior to disbursal of any of the settlement funds (to the extent that any liens exist, which is not anticipated) as well as their attorney for fees and costs.

Vicky Stokes

Vicky Stokes, Personal Representative of the Estate of John M. Barnett, deceased

Rodney Barnett

Rodney Barnett, Personal Representative of the Estate of John M. Barnett, deceased

Michael Barnett

Michael Barnett, Personal Representative of the Estate of John M. Barnett, deceased

September 24, 2026
Charleston, South Carolina

STATE OF LA )
COUNTY OF Rapides )
)

***VERIFICATION***

PERSONALLY appeared before me Vicky Stokes, Rodney Barnett, and Michael Barnett, Personal Representative of the Estate of John M. Barnett who being duly sworn, deposes and says: That she is the Plaintiff in the foregoing Petition and that she has read the same and the matters as stated therein are true to the best of her knowledge, except for such matters and things as may be set forth therein on information and belief, and those she believes to be true.

Vicky Stokes
Vicky Stokes, Personal Representative of the Estate of John M. Barnett

SWORN to before me this 24
day of Sept, 2026.

18374
Notary Public for Louisiana
My Commission Expires: AT Death

STATE OF LA )
) ***VERIFICATION***
COUNTY OF Rapides )

PERSONALLY appeared before me Rodney Barnett, Personal Representative of the Estate of John M. Barnett who being duly sworn, deposes and says: That he is the Plaintiff in the foregoing Petition and that he has read the same and the matters as stated therein are true to the best of his knowledge, except for such matters and things as may be set forth therein on information and belief, and those he believes to be true.

Rodney Barnett
Rodney Barnett, Personal Representative of the Estate of John M. Barnett

SWORN to before me this 24
day of Sept, 2026.

[signature] 18374
Notary Public for Louisiana
My Commission Expires: AT DEATH

STATE OF Texas )
) ***VERIFICATION***
COUNTY OF Dallas )

PERSONALLY appeared before me Michael Barnett, Personal Representative of the Estate of John M. Barnett who being duly sworn, deposes and says: That he is the Plaintiff in the foregoing Petition and that he has read the same and the matters as stated therein are true to the best of his knowledge, except for such matters and things as may be set forth therein on information and belief, and those he believes to be true.

Michael Barnett

Michael Barnett, Personal Representative of the Estate of John M. Barnett

SWORN to before me this 25th day of September, 2026.

SUNDEEP PATEL
My Notary ID # 124722434
Expires October 22, 2027
NOTARY PUBLIC STATE OF TEXAS

Notary Public for ~~Louisiana~~ Texas
My Commission Expires: Oct 22, 2027

**CERTIFICATE OF COUNSEL**

We, the undersigned attorneys for the above-named Personal Representatives, join in the foregoing Petition and evidence hereby our approval of the settlement set forth herein. It is our opinion that the settlement as outlined above is fair, reasonable and in the best interest of the statutory beneficiaries of the above-named decedent and of the Estate of the above-named decedent.

By:______________________________